### 48600. HUFF v. ROGERS.

EVANS, Judge. Ozell Rogers sued Betty Jo Devine Huff as the administratrix of the estate of Irene Devine, also known as Irene Rogers, deceased, for sums allegedly paid by the plaintiff which unjustly enriched the estate of Irene Rogers. The petition was in four counts, each of which alleged different sums paid to the estate to repair and maintain the assets thereof, and to preserve and protect the property, and alleging that said payments unjustly enriched the estate.

Defendant answered and denied the material allegations of each count. She also added a counterclaim in five counts, and alleged that if the payments were made as plaintiff contended, said payments were voluntarily made for various reasons, to wit: 1. Because decedent was plaintiff's mistress and bore him several children out of wedlock; 2. Plaintiff had become jointly indebted with decedent on her property during her lifetime; 3. Plaintiff mistakenly believed if he made such payments he would acquire title to her property; 4. If plaintiff made any payments after

defendant qualified as administratrix it was with the intention of defrauding the estate; and 5. Defendant sought an accounting of plaintiff for all rents from September, 1969 to July, 1972 in the amount of $2,275. Plaintiff moved to strike and dismiss Counts 1, 3, 4, and 5 of the counterclaim, which motion was by the lower court sustained. The appeal is from that judgment. *Held:*

As the only ruling appealed from in this case is one sustaining a motion to dismiss various counts of a counterclaim, the judgment is not final and there is no certificate for immediate review. Code Ann. § 6-701 (a, 1, 2) (Ga. L. 1965, p. 18; 1968, pp. 1072, 1073); *Nevels v. Engram,* 118 Ga. App. 644 (164 SE2d 916); *Norbo Trading Corp. v. Wohlmuth,* 223 Ga. 258 (154 SE2d 224). Counsel for appellant argues that she has a right to immediate appeal because she can no longer assert these counterclaims, which were stricken. However, the judgment appealed from is not final. The issue made by the denial of the complaint and Count 2 of the counterclaim remains for trial, and upon trial of the case the court may very well authorize the reinstatement of the counts of the counterclaim which have been here stricken.

*Appeal dismissed. Hall, P. J., and Clark, J., concur.*

ARGUED SEPTEMBER 17, 1973 — DECIDED OCTOBER 11, 1973.

*Orville G. Harrington,* for appellant.
*Lipshutz, Macey, Zusmann & Sikes, Charles E. Lamkin, H. William Cohen,* for appellee.