■ NORMAN B. JUDELSON, Respondent, v WALTER WEINTRAUB et al., Appellants.—In an action, *inter alia,* to enjoin defendant Weintraub from operating the business of a partnership through the instrumentality of the corporate defendant, and for an accounting, defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County, dated April 29, 1976, as (1) granted plaintiff's motion for summary judgment, (2) directed them to account to plaintiff and made provisions with

respect to such accounting, (3) denied the branch of their cross motion which sought leave to amend their answer and (4) granted only to a stated extent the branch of their cross motion which sought to compel disclosure to interrogatories. Order modified by deleting therefrom the first seven decretal paragraphs thereof and by substituting therefor a provision denying plaintiff's motion for summary judgment. As so modified, order affirmed insofar as appealed from, with one bill of $50 costs and disbursements to defendants. The plaintiff and the individual defendant concede that a partnership existed between them at some unspecified point in time, but they do not concede how long it continued to exist. By agreeing to conduct the partnership business through a corporation, and by putting that agreement into effect, the partners adopted the corporate form, with the corporate shield extended over them to protect them against personal liability. When they do that, "they cease to be partners and have only the rights, duties and obligations of stockholders. They cannot be partners *inter sese* and a corporation as to the rest of the world" *(Weisman v Awnair Corp. of Amer.,* 3 NY2d 444, 449). Consequently, plaintiff has no cause of action for an accounting by the defendants of all moneys received by them, or by any other corporations or entities through which they operated the business of the partnership. Nor has he any cause of action to restrain the defendant Weintraub from operating the business of the partnership through the instrumentality of the corporate defendant or any other entity. The plaintiff does plead facts sufficient to constitute a cause of action to impress a trust on the shares of stock which defendant Weintraub agreed to furnish to him, and to compel the delivery of such shares. However, there are issues of fact which may be resolved only upon trial. It was therefore error to grant plaintiff summary judgment. We have reviewed the other points raised by defendants and find them to be without merit. Latham, Acting P. J., Damiani, Hawkins and O'Connor, JJ., concur.