67096. UNION INDEMNITY INSURANCE COMPANY OF NEW YORK v. CHEROKEE INSURANCE COMPANY et al.

QUILLIAN, Presiding Judge.

This is an appeal from a declaratory judgment finding that an insurance company was not obligated to defend on a policy.

Defendant-appellee Owens was an employee of defendant-appellee City of Hinesville who worked as a jailer for defendant-appellee Liberty County. Defendant-appellee Quarterman, an inmate in the Liberty County jail, brought suit in federal district court against Owens for allegedly opening his mail. Plaintiff-appellee Cherokee Insurance Co. was Hinesville's liability insurer and commenced this action against Quarterman, Owens, Hinesville, Liberty County and defendant-appellant Union Indemnity Insurance Company (Union), which was Liberty County Sheriff's Department's liability insurer, seeking a declaratory judgment that it was not

obligated to defend Owens in Quarterman's federal case. Union counterclaimed against Cherokee and cross-claimed against the other defendants also seeking a declaratory judgment that it was not obligated to defend Owens in Quarterman's suit.

After the presentation of evidence and receipt of the jury's verdict on seven interrogatories pertaining to Owens' status in relation to Hinesville and Liberty County at the time of the incident alleged by Quarterman, the trial court found and entered judgment that at the time of the incident Owens was not an insured under Hinesville's policy with Cherokee and that Cherokee was not obligated to defend Owens in the suit. The court also found that "Owens was an employee of Liberty County engaged in the conduct of Liberty County's business" at the time of the incident involving Quarterman. No finding or judgment was made on Union's counter and cross-claim for declaratory judgment. *Held:*

Under the circumstances the judgment was not final and the appeal premature because the counterclaim was still pending in the trial court. *Conte Enterprises v. Romax Constr. Co.,* 128 Ga. App. 121 (195 SE2d 798).

"[T]he pendency of the counterclaim plus the absence of a determination by the trial judge that there was no just reason for delay and express direction for entry of judgment under CPA § 54 (b) (now OCGA § 9-11-54 (b) (Code Ann. § 81A-154)) prevented the order from being final and appealable. This, coupled with the appellant's failure to follow the applicable procedure for review under (now OCGA § 5-6-34 (b) (Code Ann. § 6-701)), subjects the instant appeal to dismissal." *Cleveland v. Watkins,* 159 Ga. App. 885 (285 SE2d 546).

*Appeal dismissed. Sognier and Pope, JJ., concur.*

DECIDED SEPTEMBER 21, 1983.

*Bobby T. Jones,* for appellant.
*J. Noel Osteen, Billy N. Jones, David R. Smith,* for appellees.