69324. CABLE HOLDINGS OF BATTLEFIELD, INC.
v. LOOKOUT CABLE SERVICE, INC. et al.
(326 SE2d 552)

SOGNIER, Judge.

Lookout Cable Service, Inc. (Lookout) filed this action against Cable Holdings of Battlefield, Inc. (Battlefield), the Town of Fort Oglethorpe, Georgia, the City of Chickamauga, Georgia, and Walker County, Georgia, seeking a declaration that the actions of the respective governing authorities in issuing exclusive CATV franchises to Battlefield were ultra vires and of no force and effect. Battlefield counterclaimed and instituted cross-claims against Fort Oglethorpe and Walker County; Fort Oglethorpe, Chickamauga and Walker County filed cross-claims against Battlefield. Battlefield then moved to dismiss or, alternately, to stay the proceedings. The Superior Court of Walker County denied Battlefield's motions and issued a declaration that the exclusivity provisions of the franchises granted to Battlefield were ultra vires, void and unenforceable. Battlefield obtained a certificate of immediate review and pursuant to OCGA § 5-6-34 (b) applied for review to this court which application was subsequently denied. The instant appeal ensued.

Under the circumstances of this case, the judgment below was not final and this appeal is premature because various counterclaims and cross-claims were still pending in the trial court. *Union Indem. &c. Co. v. Cherokee Ins. Co.,* 168 Ga. App. 82 (308 SE2d 238) (1983). The absence of a determination by the trial judge that there was no just reason for delay and express direction for entry of judgment under OCGA § 9-11-54 (b) prevented the order from being final and

appealable. The failure to follow the requirements of OCGA § 9-11-54 (b) subjects the instant appeal to dismissal. Id. We see no merit in Lookout's argument that OCGA § 9-11-54 (b) is not applicable here because the remaining counterclaims and cross-claims were not pending due to the trial court's severance of those claims pursuant to OCGA § 9-11-42 (b). OCGA § 9-11-42 (b) seeks to further judicial convenience or avoid prejudice, not to circumvent the requirements of OCGA § 9-11-54 (b), as demonstrated by the provisions of OCGA § 9-11-13 (i) which requires any judgment on an OCGA § 9-11-42 (b) severed cross-claim or counterclaim to be rendered in accordance with the provisions of OCGA § 9-11-54 (b). Lookout's further argument that this appeal was untimely filed is without merit since no final order existed from which Battlefield could appeal. Therefore, the instant appeal is dismissed.

*Appeal dismissed. Deen, P. J., and McMurray, P. J., concur.*

DECIDED JANUARY 28, 1985.

*Sam F. Little, Howard Graff,* for appellant.
*Joseph F. Dana, Larry D. Ruskaup, David P. Daniel, Christopher A. Townley, Ronald G. Goulart,* for appellees.