46712. HOLLAND ELECTRIC, HEATING & PLUMBING COMPANY v.
HOLLAND HEATING & AIR CONDITIONING, INC. et al.
(379 SE2d 404)

CLARKE, Presiding Justice.

In this appeal from an injunction enforcing a covenant not to compete, appellant, Holland Electric, Plumbing & Heating Company, Inc. (Holland Electric), challenges the injunction on its merits and raises numerous procedural and technical errors. Because the injunction fails on the merits, we do not address the procedural errors.

The record demonstrates that Selwyn Holland and Jack Hively are two businessmen in the heating and air conditioning business. Prior to 1985, Mr. Holland owned and operated Holland Electric; Mr. Hively owned and operated Hively Heating & Air Conditioning Service, Inc. (Hively Heating). In 1985 Mr. Holland and Mr. Hively decided to form a new company, Holland Heating & Air Conditioning, Inc. (Holland Heating). Mr. Holland and Mr. Hively became officers, stockholders and employees of the new company. By contract, they agreed that if either party's employment with Holland Heating was terminated, that party would not engage in the same or allied business for a period of three years within a 75-mile radius. In the years that followed, Hively Heating continued in the heating and air conditioning business. Holland Electric did too, although its heating and air conditioning contracts were orally subcontracted to Holland Heating. When Holland Heating experienced financial problems, Mr. Holland told Mr. Hively that he no longer wanted to be an employee, but would remain as a director of Holland Heating. He then began doing what Mr. Hively had been doing all along: He started contracting through his other corporation for heating and air conditioning work.

Hively Heating then brought an action to enforce the covenant not to compete. The trial court found that Mr. Holland was no longer

an employee of Holland Heating and that the covenant not to compete had therefore gone into effect. Thus, although both men were actively competing with Holland Heating through their own separate corporations, the court issued an injunction against Holland Electric because Mr. Holland had taken the formal step of terminating his employment with Holland Heating.

We hold that equity will not support the enforcement of the covenant not to compete in this situation. OCGA § 23-1-10 states that "he who would have equity must do equity and must give effect to all equitable rights of the other party respecting the subject matter of the action." This is one of the oldest and most familiar maxims of equity, and is applicable to every type of case. *Eastman Kodak Co. v. Fotomat Corp.*, 317 FSupp. 304 (ND Ga. 1970). As applied to this case, the maxim could be restated in another familiar phrase: "What's sauce for the goose is sauce for the gander." Mr. Hively and Hively Heating cannot compete with Holland Heating and simultaneously invoke the power of equity to prevent Mr. Holland and Holland Electric from doing the same thing.

*Judgment reversed. All the Justices concur.*

DECIDED MAY 25, 1989.

*Edwards & Krontz, Kenneth W. Krontz, Jennifer McLeod,* for appellant.

*Emerson & Dodson, David T. Emerson, W. O'Neal Dettmering, Jr.,* for appellees.