A91A1962. HOLLAND et al. v. HOLLAND HEATING & AIR CONDITIONING, INC.
(416 SE2d 557)

BIRDSONG, Presiding Judge.

Selwyn W. Holland and Holland Electric, Heating & Plumbing Company, Inc., appeal from those adverse parts of a judgment, based upon a jury verdict, in favor of Jack Hively and Holland Heating & Air Conditioning, Inc.

The record shows Holland Electric filed a dispossessory against Holland Heating seeking possession of the rented facilities. Holland Heating counterclaimed for damages and sought and obtained an injunction against Mr. Holland to enforce a covenant not to compete. The injunction was ultimately reversed by our Supreme Court. *Holland Electric, Heating & Plumbing Co. v. Holland Heating & Air Conditioning*, 259 Ga. 256 (379 SE2d 404).

Later, Holland Electric amended its complaint to assert claims against Mr. Hively, individually, and against Holland Heating, and Holland Heating filed a separate action against Mr. Holland and Barbara Holland. The two cases were later consolidated for trial.

In addition to rulings not relevant to this appeal, the trial court dismissed a claim by Holland Electric and Mr. Holland against Mr. Hively, and after a lengthy trial, the trial court granted directed verdicts on claims both for and against the parties. The jury later returned a verdict awarding damages to Mr. Hively and Holland Heating and awarding damages to Mr. Holland and Holland Electric, and the trial court later entered judgment incorporating the directed verdicts and the jury's verdict.

Thereafter, Holland Electric filed a motion for reconsideration of the trial court's direction of a verdict in favor of Holland Heating on a breach of contract claim, and later Mr. Holland and Holland Electric filed a motion for new trial or motion for judgment n.o.v. on all claims. Although denying a new trial or judgment n.o.v. on most claims in one order, the trial court in a separate order granted Hol-

land Electric a new trial against Holland Heating on the breach of contract claim.

Although the order granting the new trial contained the following, "pursuant to OCGA Section 9-11-42, the aforementioned claim is hereby severed from the other issues for appellate purposes, and for further trial proceedings," neither the judgment entered nor any order granting or denying the motions for new trial or judgment n.o.v. contained the determination required by OCGA § 9-11-54 (b): "When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."

Nevertheless, Mr. Holland and Holland Electric filed a direct appeal from the trial court's judgment and denial of their motion for new trial. Mr. Hively and Holland Heating initially filed a direct appeal of the grant of a new trial on the one issue (Case No. A91A1963), but that appeal was subsequently withdrawn. *Held*:

Our initial consideration is whether we have jurisdiction to consider this appeal. Court of Appeals Rule 32 (d). "It is not only the right but the duty of a reviewing or appellate court to raise the question of its jurisdiction in all cases in which there may be any doubt as to the existence of such jurisdiction." (Citation and punctuation omitted.) *Atlantic-Canadian Corp. v. Hammer, Siler &c. Assoc.*, 167 Ga. App. 257 (306 SE2d 22).

Since a new trial was granted on one of the claims against one of the parties, this appeal is controlled by OCGA § 9-11-54 (b). *Chadwick v. Miller*, 165 Ga. App. 20, 21 (299 SE2d 93). "Where there is a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of less than all the parties is not a final judgment. In such circumstances, there must be an express determination under OCGA § 9-11-54 (b) or there must be compliance with the requirements of OCGA § 5-6-34 (b) [the interlocutory appeals procedure]. Where neither of these code sections are followed as in this case, the appeal is premature and must be dismissed." (Citation and punctuation omitted.) *Travelers Indem. Co. &c. v. Schenden*, 182 Ga. App. 735, 736 (356 SE2d 761).

The record of this appeal shows the judgment and order from which this appeal is taken did not comply with OCGA § 9-11-54 (b) and no application under OCGA § 5-6-34 (b) was granted. Further, the order granting the new trial also did not comply with OCGA § 9-11-54 (b). Although this order is not contained in the record of this appeal, we have the authority to take judicial notice of the order which is contained in the record of Case No. A91A1963 on file in this

court. *Backus Cadillac-Pontiac v. Ernest*, 195 Ga. App. 579 (394 SE2d 367).

Moreover, the reference to OCGA § 9-11-42 (b) in the order granting the new trial is not sufficient to cure the failure to comply with OCGA § 9-11-54 (b). "OCGA § 9-11-42 (b) seeks to further judicial convenience or avoid prejudice, not to circumvent the requirements of OCGA § 9-11-54 (b), as demonstrated by the provisions of OCGA § 9-11-13 (i) which requires any judgment on an OCGA § 9-11-42 (b) severed cross-claim or counterclaim to be rendered in accordance with the provisions of OCGA § 9-11-54 (b)." *Cable Holdings of Battlefield v. Lookout Cable Svc.*, 173 Ga. App. 355, 356 (326 SE2d 552). Accordingly, the appeal must be dismissed pursuant to OCGA § 5-6-48 (b) (2) and Court of Appeals Rule 32.

*Appeal dismissed. Pope and Cooper, JJ., concur.*

DECIDED MARCH 5, 1992.

*Kenneth W. Krontz*, for appellants.
*Joel E. Dodson*, for appellee.