A93A0168. HOLLAND et al. v. HOLLAND HEATING & AIR CONDITIONING, INC. et al.
(432 SE2d 238)

ANDREWS, Judge.

Selwyn W. Holland (Holland) et al.[1] appeal from portions of the jury verdict and judgment entered in favor of Jack Hively (Hively) and Holland Heating & Air Conditioning, Inc. (Holland Heating).[2]

1. The jury entered a verdict in the amount of $18,000 in favor of Hively on a breach of contract claim against Holland based on evidence that Holland had failed to comply with a written agreement with Hively to jointly borrow working capital for Holland Heating. In his first two enumerations of error, Holland claims the agreement was too vague to be enforceable as a contract, and that the award of $18,000 was contrary to the evidence.

Holland and Hively agreed to form the company known as Holland Heating, took equal interests in the company, and subsequently agreed in writing that: "Working and payroll capital shall be financed with 90 day notes and shall be signed by Jack Hively and Selwyn W. Holland. This agreement is in effect until such time as there is mutual agreement to change or as directed by the Board of Directors of Holland Heating & Air Conditioning, Inc." Holland testified that the

---

[1] Although Holland Electric, Heating & Plumbing Company, Inc. was also a named appellant, none of the enumerations of error concern this party.

[2] The previous appeal of these parties was dismissed as premature in *Holland v. Holland Heating &c.*, 203 Ga. App. 213 (416 SE2d 557) (1992).

agreement was signed after he and Hively discussed Holland Heating's need for capital. It was Holland's understanding that to the extent the company needed money, he and Hively would jointly borrow the needed funds and sign 90-day notes. Hively later requested Holland to co-sign with him on personal guarantees of 90-day notes made by Holland Heating to the bank for working capital. Although Holland never refused Hively's requests to co-sign the guarantees pursuant to the agreement, he failed to do so, leaving Hively as the sole personal guarantor on the notes. Hively personally guaranteed in excess of $400,000 of such notes on which a debt of approximately $150,000 remained unpaid. Holland was aware the loans had been made for working capital, and guaranteed by Hively, and testified he had no objection.

Having personally guaranteed the loans taken out by Holland Heating, Hively's breach of contract action amounts to a claim that Holland breached an agreement to co-guarantee the notes, and that Hively is entitled to contribution from Holland for any sums paid by Hively in excess of his proportionate share of the debt. See OCGA §§ 10-7-1; 10-7-50; 10-7-56; 10-7-57. Although the written agreement, standing alone, lacks specificity, it was sufficient to establish a general agreement between Hively and Holland to jointly sign and bear responsibility for borrowing needed working capital. Where the contract is not so indefinite as to impart no meaning at all, parol evidence is admissible to explain ambiguities, and show the intent of the parties. *Touche Ross & Co. v. DASD Corp.*, 162 Ga. App. 438, 439-440 (292 SE2d 84) (1982); *McTerry v. Free For All Missionary Baptist Church No. 1*, 129 Ga. App. 724, 725 (200 SE2d 915) (1973). "A contract which is originally and inherently too indefinite may later acquire precision and become enforceable by virtue of the subsequent acts, words, or conduct of the parties. Thus, the objection of indefiniteness may be obviated by performance and acceptance of performance." (Citations and punctuation omitted.) *Steinemann v. Vaughn & Co., Ltd.*, 169 Ga. App. 573, 576-577 (313 SE2d 701) (1984). "A contract will not be held unenforceable for indefiniteness because its performance is, as to particular details, left open to subsequent agreement of the parties." (Citations and punctuation omitted.) *Advance Security v. Superior Surgical &c.*, 197 Ga. App. 769, 771 (399 SE2d 488) (1990). Other evidence showed that Holland was aware of the company's need for capital; that he knew of the loans personally guaranteed by Hively, and had no objection to this being done, but failed to co-sign. In light of the parties' subsequent actions, performance and acceptance of such performance, the evidence as a whole was sufficient to establish an enforceable contract for Holland to co-sign the personal guarantees undertaken by Hively.

Nevertheless, the evidence was not sufficient for the jury to de-

termine that Hively was entitled to recover damages resulting from Holland's refusal to co-sign the personal guarantees of the notes made by Holland Heating. Although Hively testified that his personal guarantee remained on $150,000 of unpaid debt, there was no evidence of the terms of the guarantee he signed, and the only evidence that Hively actually paid any portion of the debt based on his guarantee was testimony that he made one payment to the bank in the amount of $4,783.41. Generally, a guarantor or surety is primarily liable along with his principal to pay the debt. OCGA § 10-7-1. However, the true nature of the guarantor's liability is established by the terms of the guaranty, which may render the guarantor only secondarily liable on the principal's inability to pay, or otherwise condition or limit liability in any number of ways. See *Breedlove v. Hurst*, 181 Ga. App. 4, 6 (351 SE2d 212) (1986). Moreover, Hively would be entitled to contribution damages from Holland for breaching his contract to act as a co-guarantor only upon proof that Hively paid more than his proportionate share of the debt. See OCGA §§ 10-7-50; 10-7-53; EGL, Vol. 13A, Guaranty & Suretyship, § 56. Without evidence to establish these facts, the jury was without a sufficient basis to determine damages. Accordingly, the award of $18,000 for breach of the contract must be reversed.

2. On a separate claim in the same trial, Holland Heating sought to recover damages against Holland for breach of his fiduciary duties as vice-president of the company. The jury awarded damages to Holland Heating in the sum of $132,388 on this claim. Holland asserts in his third enumeration of error that the evidence was not sufficient to provide the jury with a reasonable basis to conclude that, assuming breach of fiduciary duty was shown, it caused the damages awarded.

In a claim alleging that a business was damaged because the defendant breached his fiduciary duty to the business, the jury must be given a reasonable basis upon which to calculate the amount of damage due to the breach. *General Warranty Corp. &c. v. Cameron-Hogan*, 182 Ga. App. 434, 437 (356 SE2d 83) (1987). In support of its claim, the company produced evidence that Holland failed to honor his agreement to sign with Hively on bank notes to borrow working capital for Holland Heating. However, whether Holland's failure caused the company to be underfunded, and suffer damage as a result, is purely speculative on the present record. If anything, the record establishes that, despite Holland's failure, the company was funded when necessary by personal loans from Hively. Holland Heating claims Holland failed to adequately train and supervise employees of the company responsible for entering bids for various construction jobs. As a result, the company alleges it underbid the jobs and lost money. The plaintiff's general description of these duties, and the general allegation that they were inadequately performed, along with

evidence comparing the bid amount with the total cost of the job to show the company's loss, were not sufficient to give the jury a reasonable basis to conclude that the loss shown, or the amount of the damages awarded, resulted from the breached duty. With respect to other evidence that Holland had a drinking problem which affected his ability to perform his duties; that he participated in a dispossessory action filed against Holland Heating; that he caused company employees to leave by hiring them for another business, and that he caused Holland Heating to be rejected on an application for a business permit, there was either no evidence of damage, or no reasonable basis for the jury to calculate the amount of any damage resulting from the alleged breach.

While evidence of damage to the company was presented in association with some of the breaches of fiduciary duty, and mere difficulty in fixing the exact amount would not prevent recovery, "the rule against the recovery of vague, speculative, or uncertain damages relates more especially to the uncertainty as to cause, rather than uncertainty as to the measure or extent of the damages." (Citations and punctuation omitted.) *Ga. Ports Auth. v. Servac Intl.*, 202 Ga. App. 777, 780 (415 SE2d 516) (1992). Since the evidence fails to provide a sufficient basis to allow a reasonable calculation of damage caused by the alleged breaches, the award of $132,388 must be reversed.

3. Lastly, Holland claims the trial court erred by dismissing his direct action as a shareholder of the company against Hively for breach of his fiduciary duties as an officer of the company. Generally, a shareholder who brings an action for breach of fiduciary duties against a corporate officer must do so in a derivative suit on behalf of the corporation. *Phoenix Airline Svcs. v. Metro Airlines*, 260 Ga. 584, 585 (397 SE2d 699) (1990). However, a shareholder may be allowed to bring a direct cause of action on such a claim, and seek recovery in his individual capacity, where he alleges a special injury suffered by him resulting from the breach of fiduciary duty. Id. at 585-586. "Thus, to have standing to sue individually, rather than derivatively on behalf of the corporation, the plaintiff must allege more than an injury resulting from a wrong to the corporation. . . . [T]o set out an individual action, the plaintiff must allege either an injury which is separate and distinct from that suffered by other shareholders, or a wrong involving a contractual right of a shareholder which exists independently of any right of the corporation. For a plaintiff to have standing to bring an individual action, he must be injured directly or independently of the corporation." (Citations and punctuation omitted.) Id. at 586.

Whether a claim is derivative or direct is determined by reference to the allegations of the claim. Id. at 585. Since Holland did not allege he suffered injury in his individual capacity, he had no standing to

bring an individual rather than a derivative claim. The trial court did not err by dismissing the claim. Moreover, the record does not contain the transcript of the pre-trial hearing at which Holland contends this issue was presented to and ruled upon by the trial court. Accordingly, Holland had failed to carry his burden to affirmatively show error in the record. *Barnes v. Wall*, 201 Ga. App. 228, 232 (411 SE2d 270) (1991).

*Judgment reversed in part and affirmed in part. Pope, C. J., and Birdsong, P. J., concur.*

DECIDED JUNE 2, 1993

*Kenneth W. Krontz*, for appellants.

*Maddox, Maddox & Maddox, Lynwood A. Maddox, Jr., Lindsay C. Roach*, for appellees.