A94A1159. MADAN v. DAMIANO.
(445 SE2d 831)

Johnson, Judge.

Vito Damiano filed a complaint against Gobind Madan alleging breach of a lease agreement for failure to maintain and repair the premises. Madan filed a counterclaim alleging that Damiano entered into a prior settlement agreement between the parties in bad faith, that Damiano breached that agreement in various ways, that Damiano has caused Madan unnecessary trouble and expense, that Damiano has interfered with Madan's contractual and business relations

and that Damiano has defrauded Madan. Upon Damiano's motion, the trial court ordered Madan to plead his counterclaim for fraud with more particularity. Thereafter, the court granted Damiano's motion to dismiss the fraud portion of the counterclaim because Madan failed to comply with the order that he plead that claim with more particularity. Approximately six months later, the court granted summary judgment to Damiano on his main claim for breach of the lease agreement in the amount of $1,923, plus an unstated amount of interest and attorney fees. Madan filed this direct appeal.

We do not have jurisdiction over this appeal. The trial court's grant of summary judgment to Damiano for a sum less than $10,000 does not provide a basis for Madan's direct appeal. "[A]ppeals in all actions for damages in which the judgment is $10,000.00 or less shall be by application as set forth in OCGA § 5-6-35 (b). Although the grant of a motion for summary judgment is in general directly appealable, where the amount of the judgment is $10,000 or less, an application for discretionary appeal is required." (Citations and punctuation omitted.) *Ca-Shar v. McKesson Corp.*, 204 Ga. App. 865 (420 SE2d 810) (1992).

The trial court's dismissal of the fraud portion of Madan's counterclaim also does not support this appeal. A direct appeal is appropriate when the appellee has obtained a judgment for $10,000 or less and has also prevailed on a counterclaim filed by the appellant. *Honester v. Tinsley*, 183 Ga. App. 146, 147 (1) (358 SE2d 295) (1987). Damiano, however, has not yet prevailed on the entire counterclaim filed by Madan. The trial court dismissed only the fraud portion of the counterclaim, but has made no decision on the remaining counts in the counterclaim. In "a case involving multiple claims, a decision adjudicating fewer than all the claims is not a final judgment. In such circumstances, there must be an express determination [that there is no just reason for delay and express direction for the entry of judgment] under OCGA § 9-11-54 (b) or there must be compliance with the [certificate of immediate review] requirements of OCGA § 5-6-34 (b). Where neither of these code sections is followed, the appeal is premature and must be dismissed." (Citations and punctuation omitted.) *Whiddon v. Stargell*, 192 Ga. App. 826, 827 (386 SE2d 884) (1989). The orders appealed from in the instant case do not constitute a final judgment because they adjudicate fewer than all the claims and there has been no compliance with either OCGA § 5-6-34 (b) or § 9-11-54 (b). *Huff v. Rogers*, 129 Ga. App. 897, 898 (202 SE2d 243) (1973); *Conte Enterprises v. Romax Constr. Co.*, 128 Ga. App. 121 (195 SE2d 798) (1973). Because several of the counts in Madan's counterclaim are still pending in the trial court, his direct appeal is premature and must be dismissed. *Union Indem. Ins. Co. of N.Y. v. Cherokee Ins. Co.*, 168 Ga. App. 82 (308 SE2d 238) (1983); *Givens v.*

*Gray*, 124 Ga. App. 152 (183 SE2d 29) (1971).
 *Appeal dismissed. Beasley, P. J., and Andrews, J., concur.*

DECIDED JUNE 30, 1994.

*Robert W. Raleigh*, for appellant.
*Barbara M. Stalzer*, for appellee.

