### A96A2492. CARNES v. McNEAL.
(479 SE2d 474)

BEASLEY, Chief Judge.

Carnes filed a "complaint on an oral partnership agreement" against McNeal, seeking to recover monies Carnes paid into a corporate bank account. McNeal sought, and was granted, partial summary judgment on the ground that the incorporation of the partnership business terminated the partnership.

The following facts are uncontested. Carnes and McNeal entered into a partnership through which they operated a trucking business. After deciding to incorporate, they opened a corporate bank account and used it as their depository to conduct the business. Articles of incorporation were signed by McNeal, and the Georgia Secretary of State issued a certificate of incorporation. For the purpose of continuing business operations, Carnes later made three separate deposits into the corporate account totalling $36,300. Carnes and McNeal subsequently had a disagreement which caused the company to cease doing business, and each filed individual bankruptcy petitions. Carnes sued, claiming he is entitled to $18,150 as one-half of the total sum he deposited into the corporate account.

The trial court rejected this claim because, among other things, the partnership terminated as a matter of law upon the parties' commencement of business under the corporate form. As authority, the court cited *Baker v. Schneider*, 210 Ga. 493 (80 SE2d 783) (1954), and various New York cases including *Judelson v. Weintraub*, 390 NYS2d 455 (A.D. 1977).

In 1984, Georgia adopted the Uniform Partnership Act. OCGA § 14-8-1 et seq. Various causes of dissolution of a partnership are set out in OCGA § 14-8-31 (a) (1)–(7). Under subsection (a) (2), dissolution is caused "[b]y the express will or withdrawal of any partner." Prior Georgia law permitted dissolution by the express will of a partner only in a partnership at will and then only upon three months notice (former OCGA § 14-8-24 (Code Ann. § 75-106)), or with the consent of all other partners (former OCGA § 14-8-90 (Code Ann. § 75-107)). See OCGA § 14-8-31, Comment.

In *Baker*, supra, Baker filed a petition for an accounting in 1953 alleging that in 1941 he, Schneider, and Walsh entered into an oral partnership agreement pursuant to which they conducted a chemical business; in 1946, the business was incorporated; Baker was ill at the time and was not told of the incorporation until some time later;

Baker contributed services and monies to the business both before and after its incorporation; and in 1952, Schneider refused to recognize him as having any interest in the corporate stock.

The Supreme Court held that "[t]he judgment of incorporation terminated the partnership and was notice to the plaintiff and all interested persons of its termination."[1] *Baker,* supra at 494 (2). The court concluded that the action for an accounting based on the parol contract of partnership, filed more than four years after the termination of the partnership, was barred by the statute of limitation in OCGA § 9-3-25 (Code Ann. § 3-706).

Courts in other states have held that incorporation of a partnership may terminate the partnership but does not do so automatically. See generally 59A AmJur2d, Partnership, § 841 (1987); Rowley on Partnerships, § 31.1 (1st ed. 1960). An intermediate appellate court held in *Judelson v. Weintraub,* supra at 456 (1), that where partners agree to conduct a partnership business through a corporation and put that agreement into effect, they adopt the corporate form, with the corporate shield extended over them to protect them against personal liability; they thereby cease to be partners and have only the rights, duties, and obligations of stockholders. On the other hand, *Box v. Crowther,* 473 P2d 417, 422 (3) (Wash. App. 1970), and *Barker v. Smith & Barker Oil &c. Co.,* 294 SE2d 919, 924 (2) (W. Va. 1982), held that the mere incorporation of a partnership business without further action to transfer some or all of the partnership assets and business to the corporation will not terminate the existence of the partnership.

In this case, as in *Baker* and *Judelson,* the parties incorporated the partnership business and conducted that business under the corporate form. *Baker* supports the trial court's holding that the partnership terminated upon the parties' commencement of business under the corporate form. We hold that the court correctly concluded that the partnership agreement provides no basis for the recovery of monies Carnes paid into the corporate account.

The remaining issues are moot, and only a counterclaim remains pending.

*Judgment affirmed. Birdsong, P. J., and Senior Appellate Judge Harold R. Banke concur.*

---

[1] When *Baker* was decided, private companies in Georgia were generally incorporated by order of the superior court granting an application for incorporation. See former Code Ann. §§ 22-201; 22-1801; 22-1803 (b). Georgia law now provides for incorporation through the Secretary of State's filing articles of incorporation which have been delivered to the Secretary. See OCGA §§ 14-2-201; 14-2-203; 14-5-20.

DECIDED DECEMBER 18, 1996 — 

*Robert P. McFarland*, for appellant.
*Banks, Stubbs & Neville, John R. Neville*, for appellee.