## A97A0354. JAMAL et al. v. PIRANI.
(490 SE2d 140)

RUFFIN, Judge.

In this suit stemming from a dispute between business associates, Karim Jamal appeals the trial court's grant of partial summary judgment to Raees Pirani. Jamal, Pirani, and Arif Hussein were engaged in the convenience store business. Their corporation, Ark International, Inc. ("Ark"), owned two stores: J's One Stop ("J's") and the Palmetto Gas N' Go ("Palmetto"). After a business dispute arose between the three men, Pirani purchased two additional stores, Ben's One Stop ("Ben's") and Raymond's Express ("Raymond's"). In his suit, Jamal contends Pirani, Hussein, and Ark had failed to pay him amounts due from the operation of J's and Palmetto and had failed to repay loans he advanced for the purchase of those stores. Jamal also claims the defendants breached an oral partnership agreement by excluding him from participation in the purchase of Ben's and Raymond's and seeks, as damages, a one-third share in those businesses. In its order granting partial summary judgment, the trial court ruled that Jamal could not claim any interest in Ben's or Raymond's based on the oral agreement. The court also held that Jamal could not individually assert any claim that Pirani, as a director and officer of Ark, usurped corporate opportunities belonging to Ark by purchasing Ben's and Raymond's himself. For reasons which follow, we affirm.

In reviewing the grant of a defendant's motion for summary judgment, we review the record de novo to determine if the evidence, construed strongly in the plaintiff's favor, supports the trial court's finding that no genuine issue of material fact existed and that the defendant was entitled to judgment as a matter of law. *Gentile v. Bower*, 222 Ga. App. 736, 737 (477 SE2d 130) (1996). That evidence shows that when Jamal, Hussein, and Pirani purchased J's and Palmetto, they orally agreed that they would purchase as many additional stores as they could, and each would be a one-third partner in all stores purchased. Jamal testified that "[i]f we got 50 stores, if the three of us would [sic] come up with the finances we would take it[,] if they were cheap enough, if we could come up with the finances." The parties orally agreed to form a corporation, Ark, and agreed that all stores acquired would be contributed to Ark. According to Jamal, this agreement to contribute convenience store opportunities to Ark had no time limit and was to be in effect as long as Ark was in business

and the three men were alive. "It was going to be a corporation, and each would have a one-third interest in the corporation in however many stores we took or were able to take," according to Jamal.

The record shows Ark was incorporated, with each of the three men owning one-third of its shares. Although the corporation operated J's and Palmetto, the parties did not reduce to writing any agreement regarding Ark's purchase of additional stores. After a dispute arose between the three, Pirani purchased Ben's and Raymond's without giving Jamal or Ark the opportunity to share or participate in those business ventures.

1. We find no error in the trial court's determination that Jamal has no ownership or expectancy interest in Ben's or Raymond's based on the oral "partnership" agreement. The trial court found that the purported agreement to purchase unspecified stores in the future violated the Statute of Frauds and was too indefinite to enforce. Without deciding those issues, we find any oral partnership terminated as a matter of law when Jamal, Hussein, and Pirani incorporated their business and began operating their venture under the corporate form. See *Carnes v. McNeal*, 224 Ga. App. 88, 89 (479 SE2d 474) (1996); see also *Baker v. Schneider*, 210 Ga. 493, 494 (2) (80 SE2d 783) (1954). Therefore, any claim that Pirani owed a partner's duties to Jamal in the purchase of Ben's or Raymond's, or that Pirani was acting on behalf of a partnership when he purchased those stores, is without merit.

We will affirm a trial court's holding if it is right for any reason. See *Gwinnett Place Assoc., L.P. v. Pharr Engineering*, 215 Ga. App. 53, 56 (2) (449 SE2d 889) (1994). Therefore, we affirm the trial court's order granting summary judgment to Pirani on Jamal's claims for a partnership or expectancy interest in the Ben's and Raymond's convenience stores.

2. The trial court also rejected Jamal's claim that Pirani's purchase of Ben's and Raymond's wrongfully deprived Ark of corporate opportunities. Whether or not Pirani's actions violated his duties to the corporation, Jamal has no individual, direct cause of action for such breach. The general rule is that, outside the context of a statutory close corporation, an action for breach of corporate fiduciary duties must be brought in a *derivative* suit on behalf of the corporation, and no such claim has been made in this action. *Grace Bros., Ltd. v. Farley Indus.*, 264 Ga. 817, 819 (2) (450 SE2d 814) (1995); see also *Phoenix Airline Svcs. v. Metro Airlines*, 260 Ga. 584, 585 (1) (397 SE2d 699) (1990). "Actions seeking to recover for usurped 'corporate' opportunities belong to the corporation." Id. Here, Ark is not named as a plaintiff, and Jamal has alleged no special injury different from that suffered by the corporation. Nothing in the record shows Ark International is a statutory close corporation. See OCGA § 14-2-902

(a). The trial court did not err by rejecting this claim. See *Holland v. Holland Heating &c.*, 208 Ga. App. 794, 797-798 (3) (432 SE2d 238) (1993).[1] See also *Gwinnett Place*, supra.

*Judgment affirmed. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED JULY 15, 1997 —
RECONSIDERATION DENIED JULY 29, 1997 — 

*McLarty, Robinson & Van Voorhies, John E. Robinson*, for appellants.

*Allen W. Bodiford, Martin C. Jones*, for appellee.

---

[1] Jamal has alleged Pirani used monies owed him to acquire Ben's and Raymond's. Nothing in the trial court's order or in this Court's opinion prevents Jamal from recovering those assets should the factfinder agree with his contentions. The fact that money was allegedly diverted, however, does not give Jamal an expectancy in the business in which those funds may have been invested.