S90G0513. PHOENIX AIRLINE SERVICES, INC. v. METRO
AIRLINES, INC. et al.
S90G0514. BRADY et al. v. METRO AIRLINES, INC. et al.
S90G0516. METRO AIRLINES, INC. et al v. PHOENIX AIRLINE
SERVICES, INC. et al.
(397 SE2d 699)

SMITH, Presiding Justice.

We granted a writ of certiorari to the Court of Appeals in *Phoenix Airline Services v. Metro Airlines,* 194 Ga. App. 120 (390 SE2d 219) (1989) to decide the following:

(1) Did the Court of Appeals misconstrue the law by creating a new, non-derivative right of action in a stockholder against an officer, director or key employee of a corporation?

(2) Whether a new trial limited to damages is appropriate when no evidence of compensatory damage was introduced to support a lump sum, compensatory damage verdict on *multiple* claims for *different* damages by *multiple* parties?

(3) Whether the jury charge relating to the burden of proof to establish a claim of corporate usurpation conflicts with the elements of a corporate usurpation claim?

(4) Whether the evidence supported any claim for damages?

The complete facts of the case may be found in the case cited above. For the purpose of understanding this opinion all that is necessary to know is that officers and key employees (employees) of Metro Express, Inc., (Express), abruptly left Express and immediately implemented the operation of Airlines I, Inc., (Airlink); all of the voting shares of Airlink are owned by Phoenix Airlines Services, Inc., (Phoenix), and almost all the Phoenix shares are owned by one of the employees. Metro Airlines, Inc., (Airlines) is the sole shareholder of Express. Airlines and Express filed an action against the employees,

Airlink, and Phoenix. The complaint alleged that the employees, usurped a corporate opportunity and breached fiduciary duties, and that Airlink and Phoenix were the fruits of the usurped corporate opportunity.[1] The appellants filed a motion to dismiss Airlines on the ground that Airlines was a shareholder and that, as such, any action by Airlines should have been a derivative action. The appellees responded that the motion was "premature" and that there would have to be evidence produced before a ruling could be made. The trial court agreed, and denied the motion. A motion for a directed verdict on the same ground was later made; it too, was denied. The jury returned a verdict and lump sum award in favor of Airlines and Express.

1. We agree with the appellees that, "[t]his Court must determine whether the claims . . . were 'derivative' claims or 'direct' claims. . . ." The determination is made by looking to what the pleader alleged. It is the nature of the wrong alleged and not the pleader's designation or stated intention that controls the court's decision. See *Elster v. American Airlines*, 100 A2d 219, 221-223 (34 Del. Ch. 94) (1953); *Lipton v. News Intl.*, 514 A2d 1075, 1078 (Del. 1986).

The gravamen of the complaint is that the employees breached their fiduciary duties and usurped corporate opportunities. The general rule is that actions for breach of fiduciary duties are to be brought in derivative suits. *Cole v. Ford Motor Co.*, 566 FSupp. 558, 569 (W.D. Pa. 1983) (applying Delaware law). "The general rule is applicable even where the individual is the sole stockholder." Id. Actions seeking to recover for usurped "corporate" opportunities belong to the corporation.

There are exceptions to the general rule; if a shareholder alleges a "special injury" that would allow a personal cause of action, the shareholder may proceed individually. The appellees argue that paragraph 17 of their complaint supports a "special injury" claim.[2]

The special injury exception was recently explained by the Delaware Court in *Kramer v. Western Pacific Indus.*, 546 A2d 348, 351 (Del. 1988):

> The distinction between derivative and individual actions rests upon the party being directly injured by the al-

---

[1] As appellees state in their brief to this Court:
The Court of Appeals appropriately recognized that Plaintiffs presented to the jury a single cause of action seeking to recover for breach of fiduciary duty and usurpation of a corporate opportunity by the Defendants . . . [and defining the case a "usurpation of a corporate opportunity" is a] basic assessment of how the case was pled and tried by both sides.

[2] Paragraph 17 states: "Defendants' interference with Plaintiffs' contractual rights and business expectations was unauthorized and without legal justification or cause."

leged wrongdoing.

The common law countries have devised one of the most interesting and ingenious of accountability mechanisms for large formal organizations: the shareholder's derivative suit. In such a suit, the shareholder sues on behalf of the corporation for harm done to it. Ordinarily, therefore, any damages recovered in the suit are paid to the corporation. Historically, the derivative suit was conceived of as a double suit, or two suits in one: The plaintiff (1) brought a suit in equity against the corporation seeking an order compelling it (2) to bring a suit for damages or other relief against some third person who had caused legal injury to the corporation. Shareholders may also bring direct actions, both as individuals and as a class, for injuries done to them in their individual capacities by corporate fiduciaries. Recovery, in these individual or class actions goes to the suing shareholders, not their corporation.

R. Clark, *Corporate Law* 639-40 (1986) (emphasis added); *see also* D. Block, N. Barton & S. Radin, *The Business Judgment Rule: Fiduciary Duties of Corporate Directors and Officers* at 216 (1987). Thus, to have standing to sue individually, rather than derivatively on behalf of the corporation, the plaintiff must allege more than an injury resulting from a wrong to the corporation. [Cits.] ("[t]o set out an individual action, the plaintiff must allege either 'an injury which is separate and distinct from that suffered by other shareholders,' or a wrong involving a contractual right of a shareholder . . . which exists independently of any right of the corporation") (quoting *Fletcher's Cyclopedia Corps.*, § 5921, at 451 (Perm. Ed., Rev. Vol. 1984) (citations omitted)). For a plaintiff to have standing to bring an individual action, he must be injured directly or independently of the corporation. *See Bokat v. Getty Oil Co., Del. Supr.*, 262 A2d 246, 249 (1970). [Emphases omitted.]

Looking to the allegations in paragraph 17 with the *Kramer* standard before us, we find that the allegations fall short of the *Kramer* requirements. Paragraph 17 does not allege an injury to the shareholder in its individual capacity by the corporate fiduciaries. At the most, paragraph 17 of the complaint alleges a generalized claim of unauthorized interference with unspecified contractual rights and business expectations. The allegation is devoid of any allegation of a separate and distinct injury to the shareholder. Thus, we conclude that the sole shareholder, Airlines, did not allege a special injury that would allow it to sue individually. *Murphy v. American Civil Liber-*

*ties Union of Ga.*, 258 Ga. 637 (373 SE2d 364) (1988). The trial court erred in failing to grant the appellants' motion to dismiss or motion for directed verdict as to Airlines; therefore, we reverse.[3]

Our decision above makes it unnecessary to address certiorari questions numbers two and four, but we will address question three.

2. The appellants claim that the following portion of the charge to the jury was erroneous:

> Once it is established that an opportunity is presented to an officer, he must prove that he acted in the utmost good faith; and if he claims it is not feasible for his employer to pursue the opportunity, he must prove to you this is the case.

This Court adopted a two-step process to establish liability from *Miller v. Miller*, 301 Minn. 207 (222 NW2d 71) (1974), in *Southeast Consultants v. McCrary Engineering Corp.*, 246 Ga. 503 (273 SE2d 112) (1980). *Miller* explains that the threshold question is whether an opportunity presented to a corporate fiduciary is a "corporate" opportunity. That factual determination is to be made from all the relevant facts and circumstances. *Miller*, supra, 222 NW2d at 81. The burden of proof with regard to the threshold question rests "upon the party attacking the acquisition." Id. Liability is not to be imposed upon the fiduciary unless the evidence establishes that the fiduciary violated his "fiduciary duties of loyalty, good faith and fair dealing toward the corporation." Id. Thus, the second step involves "close scrutiny of the equitable considerations existing prior to, at the time of, and following the officer's acquisition." Id. "The burden of proof on the questions of good faith, fair dealing, and loyalty . . .," id. at 82, is placed upon the officer who appropriated the opportunity. The correct charge should be as follows:

> Once it has been established that a corporate opportunity has been presented to an officer, he must prove that he did not violate his fiduciary duties of loyalty, good faith, and fair dealing toward the corporation.

*Judgment reversed. All the Justices concur, except Bell and Hunt, JJ., who concur in the judgment only.*

---

[3] A new trial is required because it is impossible to determine what percentage of the lump sum award was to go to the shareholder and what percentage to the corporation. See *Kramer*, supra, 546 A2d at 351.

DECIDED NOVEMBER 16, 1990 —
RECONSIDERATION DENIED DECEMBER 4, 1990.

*Alston & Bird, G. Conley Ingram, Robert D. McCallum, Jr., Schreeder, Wheeler & Flint, David H. Flint, Alexander J. Simmons, Jr.,* for Phoenix Airline Services and Brady.

*Hishon & Ranney, Jonathan D. Moonves, Hugh M. Worsham, Jr., Smith, Gambrell & Russell, David M. Brown, Harold L. Russell, William W. Gardner,* for Metro Airlines.