A89A1579. PHOENIX AIRLINE SERVICES, INC. et al. v. METRO AIRLINES, INC. et al.

(403 SE2d 832)

BANKE, Presiding Judge.

Metro Airlines, Inc., and its wholly-owned subsidiary, Metro Express, Inc., sued certain former employees of Metro Express alleging that they had conspired to establish another airline in a manner which violated their fiduciary duties of loyalty to the plaintiff corporations. The case was tried before a jury, which returned a verdict in

the plaintiffs' favor, awarding them damages in excess of $30,000,000. This court subsequently reversed the resulting judgment as to damages while affirming as to liability. See *Phoenix Airline Svcs. v. Metro Airlines*, 194 Ga. App. 120 (390 SE2d 219) (1989). On certiorari, the Supreme Court reversed that decision, holding that Metro Airlines, Inc., did not have standing to sue because it had failed to allege in its complaint a "special and distinct injury" which would allow it to bring a direct suit against the defendants rather than a shareholder derivative action. *Phoenix Airline Svcs. v. Metro Airlines*, 260 Ga. 584, 586 (397 SE2d 699) (1990). In addition, the Supreme Court held that the trial court had given an erroneous charge on the legal standards governing the liability of corporate officers for misappropriation of a corporate business opportunity.

The case is currently before us on remittitur from the Supreme Court for implementation of its decision. The defendants have filed a "Motion on Remand for Judgment Notwithstanding the Verdict," contending that the Supreme Court did not intend for the case to be retried but intended for judgment to be entered in their favor. The plaintiffs, on the other hand, contend that the case should be remanded for a new trial limited to the issue of damages, asserting that there is nothing in the Supreme Court's decision which conflicts with our prior determination that the defendants' liability was conclusively established by the jury's verdict in the first trial.

We find both of these positions to be without merit. The Supreme Court specifically held, in footnote 3 of its decision, that a new trial was required. Id. at 587. That the Supreme Court intended for the retrial to include the issue of liability as well as the issue of damages is evident from its reversal of our judgment in the case, as well as from its conclusion, in Division 2 of its opinion, that the trial court gave an erroneous jury instruction concerning the issue of liability.

In accordance with what we perceive to be the mandate of the Supreme Court, the prior opinion of this court is vacated, and the judgment of the trial court overruling the defendants' motion for new trial is reversed.

*Judgment reversed. Sognier, C. J., and Pope, J., concur.*

DECIDED FEBRUARY 22, 1991 —
REHEARING DENIED MARCH 15, 1991.

*Schreeder, Wheeler & Flint, David H. Flint, Alexander J. Simmons, Jr., Alston & Bird, G. Conley Ingram, Robert D. McCallum, Jr.*, for appellants.
*Hishon & Ranney, Jonathan D. Moonves, William W. Gardner,*

*Smith, Gambrell & Russell, David M. Brown,* for appellees.