

539

See also 788 F.Supp. 537.

Gina L. Hendryx, John W. Norman, Norman & Edem, Robert N. Barnes, Patranell Britten, Roy Short, Jacqueline M. Short, Stack & Barnes, Oklahoma City, Okl., Phillip R. Scott, Waurika, Okl., for plaintiffs.

Gary W. Davis, Paul D. Trimble, L. Mark Walker, Crowe & Dunlevy, George E. Sneed, Verland E. Behrens, R. Steven Haught, Daugherty, Bradford, Fowler & Moss, Oklahoma City, Okl., J. Randall Miller, Moyers, Martin, Santee, Imel & Tetrick, Tulsa, Okl., Randle Jones, Denver, Colo., for defendants.

**Homer BRANCH, et al., Plaintiffs,**

v.

**MOBIL OIL CORPORATION, Citation Oil and Gas Corporation, Texaco, Inc., and Atlantic Richfield Company, Defendants.**

**No. CIV–90–723–R.**

United States District Court, W.D. Oklahoma.

March 13, 1992.

## ORDER

DAVID L. RUSSELL, District Judge.

Before the Court is yet another motion by Defendant Atlantic Richfield Company ("ARCO"), this time a motion to dismiss

Plaintiffs' Third Amended Complaint for failure to join what Defendant contends are non-diverse indispensable parties to Plaintiffs' claim for unjust enrichment.

Defendant ARCO's argument proceeds as follows. A claim for unjust enrichment is a quasi-contract claim which is based in contract. Defendant ARCO and other owners in the Healdton One Unit are either partners or joint venturers, according to Plaintiffs. Plaintiffs' claim against ARCO for unjust enrichment is based upon an implied contract with the partnership or joint venture. Rule 19, F.R.Civ.P., requires that all partners or joint venturers must be joined where the relief sought is based on contract, citing *Federal Resources Corp. v. Shoni Uranium Corp.*, 408 F.2d 875, 878–79 (10th Cir.1969) and *Purcel v. Wells*, 236 F.2d 469, 472 (10th Cir.1956).

The Court agrees with Plaintiffs that the alleged conduct of Defendants which Plaintiffs claim unjustly enriched Defendants is delictual rather than contractual in nature. The conduct is expressly alleged to be negligence and negligence *per se*. *See* Third Amended Complaint at ¶¶ 25–28. As a remedy for such alleged conduct, Plaintiffs seek disgorgement of gains flowing from Defendants' alleged wrongdoing, in the form of the money saved by Defendants by not complying with state law and Oklahoma Corporation Commission rules and regulations. Disgorgement is a restitutionary remedy or remedy for restitution. *See Warren v. Century Bankcorporation, Inc.*, 741 P.2d 846, 852 (Okla.1987). *See also Tull v. United States*, 481 U.S. 412, 424, 107 S.Ct. 1831, 1839, 95 L.Ed.2d 365, 377 (1987). The underlying basis for disgorgement and other restitutionary remedies or tools like quasi-contracts is the prevention of unjust enrichment.[1] *See Warren v. Century Bankcorporation, Inc.*, 741 P.2d at 852 & nn. 19 & 21. "[R]estitution may be sought in contract actions, tort actions, statutory actions and others...." D. Dobbs, *Law of Remedies* § 4.1 at 223 (1973). *See also* 1 Palmer, *The Law of Restitution* § 1.1, p. 2 (1978).

Plaintiffs' claim for unjust enrichment against ARCO for conduct occurring after formation of the Healdton One Unit is either limited to that amount by which Defendant ARCO as a unit owner has been unjustly enriched, i.e., to that amount of expenses attributable to ARCO's unit interest which were saved, in which event ARCO's and other unit interest owners' potential liability must be considered several, not joint, or is for the amount by which the unit has been unjustly enriched, in which case because the conduct which is the basis of the claim is tortious in nature, the unit owners' potential liability as principals of the operator is joint and several. *Cf. Phoenix Airline Services, Inc. v. Metro Airlines, Inc.*, 194 Ga.App. 120, 390 S.E.2d 219, 225–26 (1989) (dicta) (the theoretical basis for imposition of joint and several liability on joint tortfeasors "would appear to be of doubtful applicability where the sole purpose of the award is to prevent unjust enrichment rather than to compensate the claimant for actual loss"), *rev'd on other grounds*, 260 Ga. 584, 397 S.E.2d 699 (1990). *See generally* 3 Am.Jur.2d *Agency* § 280; 59A Am.Jur.2d *Partnership* § 712. In neither situation are all of the unit owners necessary or indispensable parties under Rule 19, F.R.Civ.P. *See generally* 7 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 1623 (1966) at pp. 342–345.

Defendant Atlantic Richfield Company's motion to dismiss Plaintiffs' Complaint for failure to join indispensable parties under Rule 19 is DENIED.

IT IS SO ORDERED.

---

**1.** Plaintiffs' Third Amended Complaint does not use the term quasi-contract.