929 A.2d 720 (2007)
2007 VT 33
Frank VASTANO and Tracy Lees
v.
KILLINGTON VALLEY REAL ESTATE.
No. 2005-324.
Supreme Court of Vermont.
Motion for Reargument Denied June 20, 2007.
May 1, 2007.
*721 Present: DOOLEY, JOHNSON, SKOGLUND, and BURGESS, Associate Justices.

ENTRY ORDER
¶ 1. Plaintiffs Frank Vastano and Tracy Lees appeal from the jury's verdict in favor of defendant Killington Valley Real Estate (KVRE) in this consumer fraud action. KVRE acted as the property manager and listing agent for a home that plaintiffs purchased. Shortly after purchasing the property, plaintiffs discovered that the home was located near a leaking underground storage tank (LUST) site and that their well was being monitored for the presence of gasoline-related contaminants. Plaintiffs alleged that KVRE knew this information and violated the Consumer Fraud Act by failing to disclose it to them before the sale. The jury rejected plaintiffs' claim, finding that, although KVRE made an omission likely to mislead reasonable consumers, and plaintiffs interpreted the omission reasonably, the omission was not material. We conclude that the omission was material as a matter of law, and therefore set aside the jury's verdict and direct the trial court to enter judgment for plaintiffs.
¶ 2. The record indicates the following history. Richard Paul owned a home in Killington, Vermont. In 2000, he listed the property for sale with Judy Storch, a principal in KVRE. KVRE placed the property in the multiple listing service, which allowed other realtors to show the property to prospective customers. Plaintiffs lived in New Jersey, and they purchased the Paul property in November 2000. Shortly after the sale, plaintiffs discovered that their well was being monitored on an ongoing basis by Marin Environmental, an environmental engineering firm, for possible gasoline contamination. In December 2001, plaintiffs filed a complaint against KVRE alleging consumer fraud.
¶ 3. In October 2003, plaintiffs moved for summary judgment, asserting that it was undisputed that KVRE knew of the ongoing testing of their well and failed to disclose this information. The trial court denied the motion, finding that, although KVRE admitted that it was aware that the Paul well was being regularly monitored for potential gasoline contamination and did not disclose this information to plaintiffs, KVRE denied having any knowledge of unacceptable drinking water at the subject property. Accordingly, the court concluded that it remained for the trier of fact to decide if failing to inform plaintiffs of the testing and monitoring of the Paul well and other wells in the area rose to the level of a material omission.
¶ 4. Plaintiffs moved for reconsideration, arguing in part that the court erroneously focused its analysis on what KVRE did not know, rather than what it did know. Plaintiffs reiterated that it was undisputed that KVRE knew of the monitoring of wells in the area, including the Paul well, and asserted that, given its failure to disclose this information, plaintiffs were entitled to judgment in their favor as a matter of law. The court denied the request for reconsideration in a May 2004 entry order. Plaintiffs renewed their motion for summary judgment in February 2005, before trial began, reiterating their assertion that KVRE's failure to disclose the monitoring was a material omission as a matter of law. The renewed motion was denied as moot after trial.
¶ 5. At trial, plaintiffs presented evidence about the underground gasoline spill, which was discovered in 1993, as well *722 as the ongoing remediation efforts. KVRE acknowledged that it provided Marin Environmental with keys to the Paul property, as well as other properties, to facilitate the monitoring and testing of the water supply in connection with the remediation efforts. Judy Storch of KVRE admitted knowing about the spill and the testing of nearby wells, including the Paul well. According to a record kept by KVRE, the Paul well was tested for possible contamination at least three times in 2000, the latest of which occurred just prior to the sale of the property. Although Storch was never informed of any test results, she stated at trial that she now considered the gasoline spill and monitoring to be material facts that should have been disclosed to plaintiffs. Nevertheless, plaintiff Lees acknowledged during cross-examination that she testified in her deposition that she did not know what she would have done differently had she known of the testing prior to purchase.
¶ 6. On a special verdict form, the jury found that defendant made an omission that was likely to mislead reasonable consumers and that plaintiffs had interpreted the information reasonably under the circumstances. It concluded, however, that the omission was not material. Plaintiffs filed a motion for a new trial or to amend the judgment under V.R.C.P. 59, which was denied, and this appeal followed.
¶ 7. Plaintiffs raise numerous arguments on appeal. Because we agree with their assertion that the alleged omission was material as a matter of law, we do not reach their remaining arguments. For the same reason, we do not address the argument raised by the State of Vermont in its amicus curiae brief.
¶ 8. The Consumer Fraud Act prohibits "unfair or deceptive acts or practices in commerce." 9 V.S.A. § 2453(a). To establish a "deceptive act or practice" under the Act, plaintiffs needed to show that: (1) there was a representation, practice or omission likely to mislead them; (2) they interpreted the message reasonably under the circumstances; and (3) the misleading effects were "material," that is, "likely to affect [their] conduct or decision with regard to a product." Greene v. Stevens Gas Serv., 2004 VT 67, ¶ 15, 177 Vt. 90, 858 A.2d 238 (quotations omitted); see also 9 V.S.A. § 2453(b) (in determining what constitutes an unfair or deceptive act under the Vermont Consumer Fraud Act, courts should be guided by the construction of similar terms in the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1)). As reflected above, the jury found that the first two elements were satisfied. Given the undisputed facts, as conceded by KVRE and specifically found by the trial court in its denial of summary judgment, that KVRE knew of, and failed to disclose the testing, we conclude that the third element is satisfied as a matter of law.
¶ 9. The question of whether an omission is material is "generally measured by an objective standard, premised on what a reasonable person would regard as important in making a decision." Carter v. Gugliuzzi, 168 Vt. 48, 56, 716 A.2d 17, 23 (1998) (noting that test may include subjective component where seller knows that consumer because of some peculiarity, is particularly susceptible to omission or misrepresentation); see also Kraft, Inc. v. Fed. Trade Comm'n, 970 F.2d 311, 322 (7th Cir.1992) (Under the FTC Act, "[a] claim is considered material if it involves information that is important to consumers and, hence, likely to affect their choice of, or conduct regarding a product." (quotations omitted)). In this case, as the trial court found, it was undisputed that KVRE knew about the underground gasoline spill, knew that there was ongoing monitoring of the Paul well in connection with the spill, *723 and failed to disclose these facts to plaintiffs. Even if Ms. Lees indicated that she was not sure if she would have done anything different had KVRE disclosed this information, the relevant test is an objective one. We are certain that a reasonable person would consider the information possessed by KVRE  that the well of their prospective home was being monitored on an ongoing basis for possible gasoline contamination from a nearby LUST site  to be important in deciding whether to purchase the property or calculating how much to pay for it. See Carter, 168 Vt. at 57, 716 A.2d at 23-24 (finding omission material where "it plainly could have affected the parties' negotiations or the purchase price"). The omission here deprived plaintiffs of the ability to make a fully-informed decision, and it violated the basic purpose of the Consumer Fraud Act, which is to "encourage a commercial environment highlighted by integrity and fairness." Gramatan Home Investors Corp. v. Starling, 143 Vt. 527, 536, 470 A.2d 1157, 1162 (1983). The omission was objectively and plainly material.
¶ 10. Our conclusion is consistent with the Federal Trade Commission's interpretation of the FTC Act, and its position that omissions are presumptively material "if they significantly involve health, safety, or other areas with which the reasonable consumer would be concerned." Letter from James C. Miller, III, Chairman, FTC, to John D. Dingell, Chairman, Committee on Energy & Commerce, U.S. House of Representatives (Oct. 14, 1983), appended to In re Cliffdale Assocs., 103 F.T.C. 110, 182 (1984). Reasonable consumers shopping for a residence would rightfully expect a seller's agent to disclose the known fact that a home's water supply is being monitored on an ongoing basis for gasoline contamination.
¶ 11. Because the omission was material as a matter of law, we conclude that plaintiffs were entitled to judgment in their favor.[*] Accordingly, we vacate the jury's verdict, and remand the case to the trial court for entry of judgment in plaintiffs' favor and for consideration of the question of damages. Given our conclusion, we do not reach plaintiffs' remaining arguments, nor the argument raised by amicus curiae State of Vermont.
The trial court's final judgment order is vacated and the case is remanded to the trial court to enter judgment for plaintiffs and to consider the question of damages.
NOTES
[*] We enter judgment for plaintiffs, rather than granting their request for a new trial, because granting a new trial would serve no purpose. Cf. State v. Provost, 2005 VT 134, ¶ 20, 179 Vt. 337, 896 A.2d 55 (vacating defendant's sentence but declining to remand case to trial court for resentencing where doing so would serve no purpose as only one sentence was permissible and any other sentence would be inappropriate). Defendant can hope for no verdict in its favor given the undisputed and conceded evidence that KVRE knew of the testing and failed to disclose this known information to plaintiffs, and given our ruling above that such an omission was material as a matter of law.