### Frank VASTANO and Tracy Lees v. KILLINGTON VALLEY REAL ESTATE and Contemporary Associates

[996 A.2d 170]

No. 08-167

¶ 1. February 24, 2010. In *Vastano v. Killington Valley Real Estate,* 2007 VT 33, 182 Vt. 550, 929 A.2d 720 (mem.) (*Vastano I*), we held that the defendant realtor's failure to inform the plaintiff purchasers about ongoing environmental monitoring of a well for gasoline contamination constituted a material omission as

a matter of law and a violation of the Consumer Fraud Act (CFA), 9 V.S.A. §§ 2451-2480n. We remanded to the trial court for a determination of damages. Following additional briefing, the court awarded plaintiffs $7,875, representing the sales commission earned by defendant Killington Valley Real Estate (KVRE), plus interest and attorney's fees. Plaintiffs appeal, contending the court erred in failing to award the full consideration they paid for the property as a "civil penalty" under 9 V.S.A. § 2461(b), notwithstanding the fact that plaintiffs resold the property for more than the original purchase price. KVRE has cross-appealed, claiming that the court erred in declining to reduce the damage award by the amount of a settlement reached with a co-defendant, failing to reduce the attorney's fees in proportion to the damages, and including prejudgment interest in the award of attorney's fees. We strike the prejudgment interest portion of the attorney's fee award and affirm in all other respects.

¶ 2. The facts underlying this dispute are set forth in full in *Vastano I*, and need only be summarized here. Plaintiffs purchased the subject property for $225,000 in November 2000, unaware that its well was being monitored for possible gasoline contamination. After discovering the situation, plaintiffs sued KVRE, which had served as the listing agent, and Century 21 Contemporary Associates, Inc., which had served as plaintiffs' broker, for failure to disclose the monitoring, in violation of the CFA. Plaintiffs thereafter settled with Century 21 for an undisclosed amount, and the case proceeded against KVRE. The trial court subsequently denied plaintiffs' motion for summary judgment, ruling that, although KVRE was both aware of and failed to disclose the monitoring, the question nevertheless remained whether the omission was material. The court bifurcated the liability and damage issues. Following the first phase of trial, the jury returned a special verdict, finding that KVRE had made an omission likely to mislead a reasonable consumer, but that the omission was not material. Accordingly, the court entered judgment for KVRE, and plaintiffs appealed.

¶ 3. As noted, we reversed the judgment, concluding that the omission was material as a matter of law, and remanded to the trial court to address the question of damages. *Vastano I*, 2007 VT 33, ¶ 11. On remand, plaintiffs argued that they were entitled to damages measured by the consideration they had paid for the property under § 2461(b), which provides that a consumer may recover from the seller, solicitor or other violator "the amount of his damages, or the consideration or the value of the consideration given by the consumer, reasonable attorney's fees, and exemplary damages not exceeding three times the value of the consideration given by the consumer." KVRE countered that plaintiffs had been made whole by their resale of the property and therefore were not entitled to the return of their consideration — particularly as KVRE was not the seller and had never actually received the purchase price — but plaintiffs maintained that this was irrelevant because the remedy was not in the nature of restitution but rather a "civil penalty" designed to deter unlawful conduct and encourage private enforcement.[1]

¶ 4. The court was not entirely persuaded by either argument, ruling instead that it retained broad equitable discretion under the CFA to fashion a remedy; that it would be inequitable and

---

[1] Plaintiffs also moved to amend their complaint to add a prayer for actual damages, but the court denied the motion on the ground that plaintiffs had framed the issue throughout discovery and trial as a claim for the consideration paid. Plaintiffs have not appealed from this ruling.

disproportionate for plaintiffs to realize a "windfall" of $225,000 having resold the property for more than that amount; but that it would be equally inequitable for KVRE to retain any benefit it received from the transaction. Accordingly, the court ruled that equity called for KVRE to "disgorge" as unjust enrichment its $7,875 sales commission and that a further award of prejudgment interest and attorney's fees would "provide[] sufficient disincentive to the CFA violator to achieve a policy-based deterrent effect, while assuring that the consumer [p]laintiffs are reasonably rewarded for their role in enforcement." Following a subsequent hearing, the court awarded attorney's fees totaling $74,988 and denied KVRE's request to disclose the settlement reached with Century 21 and reduce the damage award by that amount. This appeal and cross-appeal followed.

¶ 5. As they argued below, plaintiffs claim here that the provision of § 2461(b) authorizing recovery of the "consideration given by the consumer" was not designed to afford the consumer an alternative form of compensatory relief in the nature of restitution, but rather to provide a civil penalty untethered from the normal restitutionary requirement of restoring the parties to their original status. See *In re Estate of Gorton*, 167 Vt. 357, 365, 706 A.2d 947, 952 (1997) (restitution is designed to "return [the parties] to their former position"). Thus, plaintiffs argue that it is irrelevant under the statute whether they subsequently sold the property for more than they purchased it.

¶ 6. Although the issue as framed poses an interesting question of statutory interpretation, it need not — and therefore should not — be resolved on the facts presented. See *In re Keystone Dev. Corp.*, 2009 VT 13, ¶ 7, 186 Vt. 523, 973 A.2d 1179 (mem.) (declining to issue "a mere advisory opinion, which we lack the authority to render"); *Wood v. Wood*, 135 Vt. 119, 120, 370 A.2d 191, 192 (1977) (noting that

the most basic limitation on this Court's jurisdiction is "the prohibition against advisory opinions"). The reason is that the CFA simply authorizes a recoupment of consideration *from the party to whom it was given*. This is evident from the language of the CFA authorizing the consumer to "recover from the seller, solicitor or other violator the amount of his damages, or the consideration or the value of the consideration given by the consumer." 9 V.S.A. § 2461(b). It is reasonable and logical to construe this provision as providing essentially that, regardless of whether the plaintiff was otherwise damaged, a violator must return any ill-gotten gains in order to effectuate the CFA's goals of protecting consumers from deceptive practices and deterring future misconduct. *Id.* § 2451; *Elkins v. Microsoft Corp.*, 174 Vt. 328, 331, 817 A.2d 9, 13 (2002). We fail to see how allowing a plaintiff to recover the "consideration given" from a defendant who did not receive the consideration in question would serve these purposes.

¶ 7. Thus, even assuming — without deciding — that plaintiffs are correct in arguing that they were entitled to recover their purchase price without returning the property, their remedy lay against the party to whom the purchase price was given, i.e., the seller. Plaintiffs cannot recover from KVRE — the listing agent — money that it never received. Accordingly, we discern no basis to disturb that portion of the trial court judgment denying plaintiffs' request for an award of damages against KVRE equal to the consideration they paid for the property.[2]

_____

[2] We note that neither party has challenged the court's order requiring KVRE to "disgorge" the $7,875 sales commission earned in the transaction, and we have found nothing in the record disclosing whether plaintiffs or seller were the ultimate source of this payment. We need not consider, therefore, whether this money

¶ 8. Turning to the cross-appeal, KVRE raises several issues. First, it maintains that the trial court erred in refusing its request to disclose the settlement that plaintiffs reached with co-defendant Century 21, and to reduce the damage award against it by that amount. As it did below, defendant relies on *Slayton v. Ford Motor Co.*, 140 Vt. 27, 29, 436 A.2d 946, 947 (1981), where we held that any liquidated settlement by one joint tortfeasor must be disclosed to the court to be set-off against any damage award entered against another. Here, however, the trial court made it clear that the $7,875 damage award was imposed against KVRE individually for the purpose of disgorging the amount that it was unduly enriched. The award was thus clearly individual, not joint and several, based on the sales commission that KVRE had received, and no set-off against any settlement paid by Century 21 was therefore necessary or appropriate. See *Myzel v. Fields*, 386 F.2d 718, 744 n.21 (8th Cir. 1967) (observing that generally "all the defendants may be held jointly liable in tort, while only those who have benefited are liable, and then only to the extent thereof, in an action for unjust enrichment"); *Phoenix Airline Servs., Inc. v. Metro Airlines, Inc.*, 390 S.E.2d 219, 226 (Ga. Ct. App. 1989), *rev'd on other grounds*, 397 S.E.2d 699 (Ga. 1990) (noting that application of joint and several liability "would appear to be of doubtful applicability where the sole purpose of the award is to prevent unjust enrichment rather than to compensate a claimant for actual loss").

¶ 9. KVRE also contends that the court abused its discretion in awarding attorney's fees totaling $74,988 in view of the relatively low $7,875 damage award. We have held that the CFA mandates an award of attorney's fees where, as here, the plaintiff has made a showing of fraud, and have accorded the trial court "wide discretion" in making such an award, subject solely to a showing of abuse of discretion. *L'Esperance v. Benware*, 2003 VT 43, ¶¶ 21, 28, 175 Vt. 292, 830 A.2d 675. In determining the "lodestar figure" (the number of hours reasonably expended on the case multiplied by a reasonable hourly rate), KVRE acknowledges that the trial court here utilized the lower hourly rate submitted by KVRE rather than the higher rate urged by plaintiffs. KVRE asserts, nevertheless, that the damage award was "insignificant" and therefore cannot support "anything other than nominal attorney's fees." We have held, to be sure, that the lodestar figure may be adjusted up or down based upon various factors, including "the results obtained in the litigation." *Id.* ¶ 22. We have also recognized, however, that an attorney's fee award need not be directly "proportionate" to a damage award, and have specifically held that, in a CFA case where damages are frequently low, the "legislative intent would be frustrated if the courts were required to measure a fee award against the limited amount of recoverable damages in a consumer fraud claim." *Id.* ¶ 27. The trial court here found that, although their monetary relief was limited, "plaintiffs performed the public service" underlying the CFA in establishing defendant's liability and were entitled to be reasonably compensated to effectuate its purposes. This conclusion was fully consistent with the law, and was not an abuse of discretion.

¶ 10. Finally in this regard, KVRE asserts that the trial court erred in including prejudgment interest in the calculation and award of attorney's fees. As we recently observed, courts have generally concluded that, "for purposes of prejudgment interest awards, . . . attorney's fees are not liquidated until fixed by the trial

was properly awarded to plaintiffs as a return of their "consideration" or some other form of equitable relief.

court following discretionary calculations" similar to those discussed above. *Salatino v. Chase*, 2007 VT 81, ¶ 15, 182 Vt. 267, 939 A.2d 482. Although there may be circumstances where attorney's fees are subject to ready determination, plaintiffs have not argued that this was the case here, and we find no basis for such a conclusion. Accordingly, that portion of the attorney's fee award attributed to prejudgment interest ($19,976) must be deleted from the total attorney's fee award of $74,988, and the judgment modified to reflect a new award of $55,012.[3]

*That portion of the judgment awarding attorney's fees is modified to reflect an*

---

[3] Although the trial court's approach was to add to counsel's original billing rates "simple interest at 12% per year" to reflect more current rates, the intent and effect was to adjust the attorney's fees for "the time value of money," which is the equivalent of prejudgment interest. The United States Supreme Court has approved this approach in federal civil rights cases. See *Missouri v. Jenkins*, 491 U.S. 274, 281-84 (1989); *Eaves v. County of Cape May*, 239 F.3d 527, 541 (3d Cir. 2001) (explaining that "[t]he Supreme Court has equated the adjustment allowed for the delay in payment in civil rights cases with an award of prejudgment interest on the attorney's fee award."). Plaintiffs did not argue below or explain why this approach should be applied in other contexts, in abrogation of the general rule prohibiting an award of prejudgment interest on attorney's fees, nor did the trial court specifically address the issue. Accordingly, it was not properly preserved for review on appeal. *Progressive Ins. Co. v. Brown*, 2008 VT 103, ¶ 6, 184 Vt. 388, 966 A.2d 666 (to preserve an issue for appeal it must be presented to the trial court "with specificity and clarity") (quotation omitted).

*award of $55,012. In all other respects, the judgment is affirmed.*[4]

Motion for reargument denied March 30, 2010.

---

[4] During the pendency of this appeal, KVRE moved to strike certain exhibits and statements in plaintiffs' brief as outside the record. Having relied on none of the materials in question, we deny the motion as moot.