McFadden, Presiding Judge, dissenting.
This is not a derivative proceeding. A derivative proceeding is "a civil suit in the right of a ... corporation[.]" OCGA § 14-3-740 (1). This proceeding is in the right of the plaintiff, GAP, as the owner of real property. So I respectfully dissent.
The rights enjoyed by the owner of real property include the "unconditional power of disposition[.]" OCGA § 44-6-20. That power can, of course, be abridged in a variety of ways. GAP's contention here is that, when Enclave attempted to abridge that power over GAP's objection, Enclave overstepped its authority.
Property owners' associations like Enclave are creatures of statute, empowered to administer developments. See OCGA § 44-3-221 et seq. A "development" is "real property which contains lots" and is "subject to a declaration[.]" OCGA § 44-3-221 (18). A declaration is a "recordable instrument creating covenants upon property[.]" OCGA § 44-3-221 (6). Property owners's associations have the power to amend those declarations and thereby impose new covenants upon property-but "only by the agreement of lot owners of lots to which two-thirds of the votes in the association pertain or such larger majority as the instrument may specify[.]" OCGA § 44-3-226 (a).
Here Enclave undertook to amend the declaration so that GAP would be prevented from leasing out its townhouses. GAP contends that the amendment is void because Enclave attempted, by disqualifying a delinquent member, to specify a smaller majority than the two-thirds required by statute.
There is no general rule that suits brought by members or shareholders against corporations must be brought as derivative suits. "The general rule is that actions for breach of fiduciary duties are to be brought in derivative suits." Phoenix Airline Servs . v. Metro Airlines , 260 Ga. 584, 585 (1), 397 S.E.2d 699 (1990) (citation omitted). In a derivative suit, "the shareholder [or member] sues on behalf of the corporation for harm done to it." Phoenix Airline , 260 Ga. at 586 (1), 397 S.E.2d 699 (citation omitted). "The [shareholder or] member is a mere nominal party, having no right, title or interest in the claim itself." Dunn v. Ceccarelli , 227 Ga. App. 505, 507 (1) (a), 489 S.E.2d 563 (1997) (citation omitted).
GAP is not complaining about harm done to Enclave. Nor is GAP attempting to assert a right as a member of Enclave. Compare Dunn v. Ceccarelli , 227 Ga. App. 505, 489 S.E.2d 563 ("case involv[ing] challenges to the voting procedures in an election to a seat on the board of a timeshare owners' association."). Rather, GAP complains of an unauthorized abridgment of its own property rights.
So an inquiry into whether GAP falls into the "special injury exception," Phoenix Airline , 260 Ga. at 585, 397 S.E.2d 699, is misplaced. And it is irrelevant that other townhouse owners who want to rent their units might be able to rely on a decision in favor or GAP.
The complaint before us is a proper direct action, not a derivative action. The trial court's finding to the contrary should be reversed.