18-729-cv(L)
*Brennan-Centrella v. Ritz-Craft Corp. of Pa.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

_____

August Term, 2018

(Argued: April 15, 2019                    Decided: November 5, 2019)

Docket Nos. 18-729-cv(L), 18-867-cv(XAP)

_____

MARY BRENNAN-CENTRELLA, CARMINE CENTRELLA,

*Plaintiffs-Counter-Defendants-Appellees-Cross-Appellants*,

v.

RITZ-CRAFT CORP. OF PENNSYLVANIA,

*Defendant-Cross-Claimant-Appellant-Cross-Appellee*.[1]

_____

Before: KEARSE, WINTER, and POOLER, *Circuit Judges*.

Following a jury trial in the United States District Court for the District of

Vermont (John M. Conroy, *M.J.*), Mary Brennan-Centrella and Carmine Centrella

were awarded damages against Ritz-Craft Corp. of Pennsylvania after a jury

_____

[1] The Clerk of Court is directed to amend the caption as above.

found that the company violated the Vermont Consumer Protection Act in selling and constructing a modular home that the couple purchased for their retirement, and Ritz-Craft appealed. After trial, the Centrellas moved to alter the judgment to include prejudgment interest. The district court denied their motion, and the Centrellas cross-appealed. The cross-appeal raises a novel question of state law: whether a court may grant prejudgment interest to private litigants who are awarded compensatory damages under the Vermont Consumer Protection Act, Vt. Stat. Ann., tit. 9, § 2461(b). Because this question presents a determinative issue of state law on which there is no clear and controlling precedent, we certify this question to the Vermont Supreme Court.

We resolve the remaining claims in the appeal and this cross-appeal by a separate summary order filed today.

Question certified to the Vermont Supreme Court.

_____

STEPHANIE DIVITTORE, Barley Snyder LLP (Matthew S. Borick, Downs Rachlin Martin PLLC, *on the brief*), Harrisburg, PA, *for Defendant-Cross-Claimant-Appellant-Cross-Appellee.*

JOSHUA L. SIMONDS, The Burlington Law Practice, PLLC (Kathryn G. Kent, Lewis Kent, LLP, *on the brief*),

2

Burlington, VT, *for Plaintiffs-Counter-Defendants-Appellees-Cross-Appellants*.

POOLER, *Circuit Judge*:

Following a jury trial in the United States District Court for the District of Vermont (John M. Conroy, *M.J.*), Mary Brennan-Centrella and Carmine Centrella were awarded damages against Ritz-Craft Corp. of Pennsylvania after a jury found that the company violated the Vermont Consumer Protection Act in selling and constructing a modular home that the couple purchased for their retirement, and Ritz-Craft appealed. After trial, the Centrellas moved to alter the judgment to include prejudgment interest. The district court denied their motion, and the Centrellas cross-appealed. The cross-appeal raises a novel question of state law: whether a court may grant prejudgment interest to private litigants who are awarded compensatory damages under the Vermont Consumer Protection Act, Vt. Stat. Ann., tit. 9, § 2461(b). Because this question presents a determinative issue of state law on which there is no clear and controlling precedent, we certify this question to the Vermont Supreme Court.

We resolve the remaining claims in this appeal and cross-appeal by a separate summary order filed today.

3

**BACKGROUND**

Mary Brennan-Centrella and Carmine Centrella purchased a modular home that was constructed in Isle La Motte, Vermont, where the couple intended to retire. The Centrellas were particularly interested in purchasing an energy-efficient home that would meet Vermont's energy code, and they approached their search for a modular home builder with this concern at the fore. After researching options, the Centrellas entered into a contract with Mountain View Modular Homes, Inc. ("Mountain View"). Mountain View was an affiliated builder for Ritz-Craft Corporation of Pennsylvania, Inc. ("Ritz-Craft"), meaning that, among other things, Ritz-Craft supplied modular units for Mountain View's builders.

The Centrellas thoroughly researched Ritz-Craft construction before purchasing their home and discovered that Ritz-Craft represented that its modular homes were energy efficient. In particular, the Centrellas reviewed information about Ritz-Craft on Mountain View's website, which included several sections detailing Ritz-Craft homes.[2] In one such section, Ritz-Craft

_____

[2] At trial, testimony established that Ritz-Craft provided approved builders, like Mountain View, with ready-made websites, and the parties do not dispute that

4

represented that it was an Energy Star partner that was "committed to using energy efficient building methods and materials" to create environmentally friendly homes. Supp. App'x at 12. Energy Star-qualified new homes are substantially more energy efficient than homes built to the minimum code. The website further represented that a Ritz-Craft home would be "built to ALL applicable Local and State codes and verified by a 3rd party prior to shipment." Supp. App'x at 14. Ritz-Craft's own website informed consumers that "it is important to note that all Ritz-Craft homes are inherently Green and energy efficient due to our detailed construction methods." Ex. F to Def.'s Mot. Summ. J. at 1, *Centrella v. Ritz-Craft Corp. of Pa.*, No. 2:14-cv-111 (D. Vt. Feb. 16, 2016), ECF No. 63-7.[3]

Ritz-Craft representatives made similar statements to the Centrellas in person. Mary Brennan-Centrella testified that she and her husband toured a Ritz-Craft factory, where a representative "explained to me that whatever I purchased

---

Ritz-Craft created the portions of Mountain View's website that concern Ritz-Craft homes. Trial Tr. at 3-4, *Centrella v. Ritz-Craft Corp. of Pa.*, No. 2:14-cv-111 (D. Vt. Dec. 20, 2017), ECF No. 165.

[3] All future references to court filings correspond to the district court docket identified here.

from [Ritz-Craft] was going to have to meet Vermont building codes. So this would be okay." App'x at 52.

The Centrellas also learned of Ritz-Craft's representations that it engaged in an integrated process with approved builders and oversaw the entire building process of its modular units. For example, Ritz-Craft provided consumers with "a list of steps" that the company takes to "ensure your home buying process runs smoothly." Supp. App'x at 13. One of the items on that list states, "Approximately 6-8 weeks after placing the order for your home, it is delivered to your site. We will then place the home on its foundation, *and complete all outstanding facets of the process*—from completing the heating & plumbing systems, to building the front porch & garage if desired." Supp. App'x at 13 (emphasis added). The Centrellas also relied on a corporate video that Ritz-Craft produced that, according to Carmine Centrella's testimony, left the impression that Ritz-Craft would "guarantee" and "stand[] behind th[e] home" it sold. Supp. App'x at 101.

The Centrellas decided to contract with Mountain View for a Ritz-Craft modular home. However, soon after they moved into the house, they began to experience issues from the home's poor construction. Specifically, the problems

with the home included that if one turned on the heat downstairs, the upstairs would be heated instead; water leaked onto the upstairs floor and the first floor; a plumbing inspection revealed code violations in the plumbing and heating systems, as well as elevated carbon monoxide levels; the upstairs pipes froze; and the insulation was not installed properly.

Seeking to recoup their losses from purchasing the faulty home, the Centrellas brought this action against Mountain View and Ritz-Craft for violations of, inter alia, the Vermont Consumer Protection Act ("VCPA"), Vt. Stat. Ann., tit. 9, § 2461(b), and breach of express and implied warranties. The Centrellas claimed that Mountain View's and Ritz-Craft's representations that the modular home would be energy efficient and compliant with local energy codes and that Mountain View and Ritz-Craft would cooperatively ensure proper construction of the home were materially misleading. The couple sought three types of damages on their VCPA claim: (1) judgment "in the amount of the consideration paid of $246,673 attributable to Defendant or the damages attributable to Defendant if greater, and occasioned by Defendant's violation of the Consumer Protection Act," (2) "damages suffered by Plaintiffs due to inconvenience, time and expense for coordinating necessary repairs, excessive

heating costs, mental anguish, for a reasonable sum for the loss of enjoyment for the use of the home and for time and expense in prosecuting this action," and (3) treble damages. Am. Compl. at 13-14, ECF No. 77.

Mountain View defaulted while the case was still in the discovery phase, leaving Ritz-Craft as the only remaining defendant.

In preparation for trial, the parties submitted a joint trial memorandum, which included the Centrellas' statement of damages. The Centrellas sought "the consideration provided to Ritz-Craft of approximately $97,000 for its violation of the VCPA." Joint Trial Mem. at 32, ECF No. 92. The parties ultimately stipulated that if the jury found that Ritz-Craft had violated the VCPA, the Centrellas would be entitled to $94,262 in damages, which was the amount of consideration the Centrellas paid to Ritz-Craft for the modular home. After a five-day trial, a jury found that Ritz-Craft had violated the VCPA and awarded the Centrellas the stipulated $94,262 in damages. The jury found in favor of Ritz-Craft on the Centrellas' warranty claims.

Thereafter, Ritz-Craft moved for post-trial relief under Federal Rules of Civil Procedure 50 and 59, seeking to challenge the jury verdict on a number of

grounds. That same day, the Centrellas moved to alter the judgment to include prejudgment interest and for an award of costs and attorneys' fees.[4]

As relevant to this opinion, the district court denied the Centrellas' motion for prejudgment interest. The court first observed that "it is at least noteworthy that although the VCPA contains a provision for an award of 'reasonable attorney's fees,' it does not contain such a provision for prejudgment interest." *Centrella v. Ritz-Craft Corp. of Pa., Inc.*, No. 2:14-cv-111, 2018 WL 840041, at *12 (D. Vt. Feb. 12, 2018). The district court did not wrestle with whether prejudgment interest might nonetheless be available on VCPA damages awards because it concluded that "the amount of damages was not reasonably ascertainable" and declined to award prejudgment interest. *Id.* This cross-appeal followed.

## DISCUSSION

Vermont Rule of Appellate Procedure 14(a) permits a federal court to certify a question of Vermont law to the Vermont Supreme Court "if the answer might determine an issue in pending litigation and there is no clear and

---

[4] With the exception of the Centrellas' motion seeking prejudgment interest, the parties' appeals of issues at trial and of the district court's decisions on post-trial motions are resolved by a summary order issued simultaneously.

controlling Vermont precedent." Vt. R. App. P. 14(a). Reciprocally, Second Circuit Local Rule 27.2 provides that this "court may certify a question of state law to that state's highest court." 2d Cir. L.R. 27.2. This Court may certify a question to afford the state court "the first opportunity to decide significant issues of state law," and we have done so when a question "presents purely state law issues, controls the outcome of th[e] case, and lacks controlling precedent." *Preseault v. City of Burlington*, 412 F.3d 96, 102 (2d Cir. 2005) (internal quotation marks omitted).[5]

The case before us presents a dispositive question of pure state law for which there is no clear and controlling Vermont precedent: whether a court may grant prejudgment interest to private litigants who are awarded compensatory damages under the Vermont Consumer Protection Act, Vt. Stat. Ann., tit. 9, § 2461(b).

### I.       Prejudgment Interest in Vermont

---

[5] We have also considered "the importance of the issue to the state" as a factor to weigh in deciding whether to certify a question. *Hunt Constr. Grp., Inc. v. Brennan Beer Gorman/Architects, P.C.*, 607 F.3d 10, 13 (2d Cir. 2010) (internal quotation marks omitted). However, we have not uniformly discussed this factor "because the state court to whom the question is certified, in deciding whether to accept certification, can best evaluate that for itself." *Id.* at 13 n.3.

Vermont Rule of Civil Procedure 54(a) creates a right to prejudgment interest as a component of a judgment in certain circumstances. In relevant part, Vermont Rule 54(a) states that: "[i]n an action where monetary relief is awarded, the amount of the judgment shall include the principal amount found to be due, *all interest accrued on that amount up to and including the date of entry of judgment*, and all costs allowed to the prevailing party." Vt. R. Civ. P. 54(a) (emphasis added). The reporter's notes to Rule 54(a) explain that, as relevant here, one type of available interest is "[i]nterest awarded as damages for detention of money due for breach or default." *Id.* Reporter's Notes—1981 amendment. This type of "interest is awarded as of right when the principal sum recovered is liquidated or capable of ready ascertainment." *Id.* It may also "be awarded in the court's discretion for other forms of damage"—i.e., damages that are not liquidated or readily ascertainable. *Id.*

The Vermont Supreme Court has subsequently interpreted Rule 54(a) to "mandate the award of prejudgment interest in cases where damages are liquidated or readily ascertainable at the time of the tort and allow prejudgment interest in the trial court's discretion where such an award is required to make the plaintiff whole." *Smedberg v. Detlef's Custodial Serv., Inc.*, 182 Vt. 349, 365

11

(2007) (internal quotation marks omitted); *see also Heath v. Palmer*, 181 Vt. 545, 551 (2006).

These cases reflect the Vermont legislature's policy choice that plaintiffs are not fully compensated unless they can recover the interest that accrues on reasonably ascertainable damages. "Prejudgment interest on compensatory damage awards is meant to restore—to the extent possible—harmed plaintiffs to the financial position they would have enjoyed but for the tort . . . ." *Smedberg*, 182 Vt. at 366. Put differently, where damages are compensatory, "[p]laintiffs who are awarded interest will be made whole; those not awarded interest will not, contrary to the purpose of compensatory damages." *d'Arc Turcotte v. Estate of LaRose*, 153 Vt. 196, 199 (1989).

## II.    The Vermont Consumer Protection Act

The question we certify concerns the interaction of the general rule in Vermont that prejudgment interest is available on reasonably ascertainable damages and Vermont's consumer protection laws, which "were passed to protect th[e] state's citizens from unfair and deceptive business practices." *Gramatan Home Inv'rs Corp. v. Starling*, 143 Vt. 527, 536 (1983). The VCPA prescribes statutory remedies for private litigants "in order to promote and

encourage prosecution of individual consumer fraud claims." *Id.* Specifically, the

VCPA provides that injured private parties

> may sue for appropriate equitable relief and may sue and recover
> from the seller, solicitor, or other violator the amount of his or her
> damages, or the consideration or the value of the consideration
> given by the consumer, reasonable attorney's fees, and exemplary
> damages not exceeding three times the value of the consideration
> given by the consumer.

Vt. Stat. Ann., tit. 9, § 2461(b). The statute does not provide for prejudgment

interest on a damages award, and therein lies the problem.

As a matter of statutory construction, we presume that the legislature

follows the principle of expressio unius est exclusio alterius—that is, "mention of

one impliedly excludes others." *Greene v. United States*, 79 F.3d 1348, 1355 (2d Cir.

1996). Applying this canon of construction, "it would be strange" for the statute

to mention specifically several remedies (e.g., equitable relief, damages,

attorney's fees, and exemplary damages) while leaving prejudgment interest "to

implication." *Bruesewitz v. Wyeth LLC*, 562 U.S. 223, 232 (2011). The expressio

unius principle instead encourages us to interpret Section 2461(b) as the Vermont

legislature's intent to exclude prejudgment interest from the available remedies a

private litigant may recover under the VCPA.

13

However, we have equally noted that "[t]he maxim *expressio unius est exclusio alterius* is only an aid to statutory construction, not a rule of law," making the principle "an uncertain guide to interpretation." *Westnau Land Corp. v. U.S. Small Bus. Admin.*, 1 F.3d 112, 116 (2d Cir. 1993) (alterations omitted) (internal quotation marks omitted). We are particularly aware of the shortcomings of this canon here because its application to the VCPA disturbs Vermont's general rule that prejudgment interest is available as a component of a judgment of reasonably ascertainable damages, *see Winey v. William E. Dailey, Inc.*, 161 Vt. 129, 141 (1993). Without the Vermont Supreme Court's consideration of whether prejudgment interest can be awarded to private litigants who incur reasonably ascertainable compensatory damages under the VCPA, we are thus inclined not to resolve this issue in the first instance.

### III.   Vermont Superior Court Decisions

While the Vermont Supreme Court has never opined on the issue before us, Vermont's superior courts have awarded prejudgment interest to private litigants who were victorious on VCPA claims at least three times. Of those three awards, only one superior court decision, *Vastano v. Killington Valley Real Estate*, No. 751-12-01 Rdcv, 2008 WL 2937171 (Vt. Super. Ct. Jan. 10, 2008) (trial order),

14

*aff'd on other grounds*, 187 Vt. 628 (2010), has analyzed the propriety of granting

prejudgment interest on reasonably ascertainable damages awards under the

VCPA. In *Vastano*, a superior court considered, inter alia, whether prejudgment

interest was available to plaintiffs who brought a successful action under the

Vermont Consumer Fraud Act[6] challenging the misrepresentations of a real

estate broker. Notably, the plaintiffs in *Vastano* were seeking to disgorge the real

estate broker's fees rather than receive compensatory damages, as they had

resold the property in question for a profit. *Id.* The court determined that the

punitive and deterrent purposes of the VCPA required the broker of the property

to disgorge the consideration that plaintiffs paid to it. *Id.* The court then

concluded that, "[w]ith respect to prejudgment interest, the deterrent policy of

policing the marketplace is best implemented by the usual rule that prejudgment

interest applies." *Id.*

In two other cases, Vermont superior courts have granted prejudgment

interest on VCPA damages awards without analysis of the issue. *Parizo v. Nuovo*,

No. 62-1-15 Cncv (Vt. Super. Ct. Oct. 17, 2017) (trial order), *available at* Pls.' Reply

---

[6] The Vermont Consumer Protection Act was known as the Consumer Fraud Act until 2012. *McKinstry v. Fecteau Residential Homes, Inc.*, 200 Vt. 392, 394 n.1 (2015).

15

Resp. Mot. Alter J. Prejudgment Interest at 5, ECF No. 154-2, and *L'Esperance v. Benware*, No. S0367-98RcC, 2001 WL 36150759 (Vt. Super. Ct. Sept. 28, 2001) (trial order), *aff'd on other grounds*, 175 Vt. 292 (2003). Thus, we have only the analysis of a single Vermont superior court and the example of two others to guide our resolution of the question before us, and we lack controlling precedent to apply to this case.

## IV.    State Policy Choices

In addition to our legal quandary on the proper interpretation of Vermont law, we consider certification appropriate in this case because the availability of prejudgment interest on a successful private VCPA action presents a question that "may require value judgments and public policy choices." *Pasternack v. Lab. Corp. of Am. Holdings*, 807 F.3d 14, 19 (2d Cir. 2015) (internal quotation marks omitted). The VCPA is a public-facing statute: its purpose is "to protect the public and to encourage fair and honest competition." Vt. Stat. Ann., tit. 9, § 2451; *Gramatan*, 143 Vt. at 536. The state legislature fashioned specific remedies to accomplish this goal, *see* Vt. Stat. Ann., tit. 9, § 2461(b), and the presence of such remedies in the statute's text suggests that the legislative body reached a value judgment on the types of remedies that it considered necessary to

16

accomplish the VCPA's goals, *cf. Barnhart v. Peabody Coal Co.*, 537 U.S. 149, 168 (2003) (explaining the expressio unius canon justifies an "inference that items not mentioned were *excluded by deliberate choice, not inadvertence*" (internal quotation marks omitted) (emphasis added)).

To that end, the Vermont Supreme Court has noted that the remedies available to victims of consumer fraud were "fashioned in order to promote and encourage prosecution of individual consumer fraud claims." *Gramatan*, 143 Vt. at 536. The availability of prejudgment interest will impact the potential remedies for private litigants and perhaps the incentives to bring suit under the VCPA. The possible exposure to prejudgment interest could also add to sellers' incentive not to violate the VCPA. These state policy concerns support our decision to request the Vermont Supreme Court's guidance on the question before us.

## V.     The Question Is Determinative of the Issue Before This Court

Lastly, the Vermont Supreme Court's resolution of the question will be determinative of whether the Centrellas are entitled to prejudgment interest because the Centrellas' damages were "reasonably ascertainable" because they were stipulated. Prejudgment "interest is awarded as of right when the principal

17

sum recovered is liquidated or capable of ready ascertainment." *Bull v. Pinkham Eng'g Assocs., Inc.*, 170 Vt. 450, 463 (2000) (internal quotation marks omitted).

In this case, the Centrellas and Ritz-Craft stipulated that the amount of damages to which the Centrellas would be entitled if they received a favorable verdict against Ritz-Craft was $94,262, and plaintiffs seek prejudgment interest on that sum. Therefore, the principal sum of the Centrellas' damages was reasonably ascertainable. If prejudgment interest is permissible on private litigants' reasonably ascertainable VCPA damages awards, the Centrellas would be entitled to prejudgment interest as of right, making this state-law question determinative of the issue before us.

## CONCLUSION

In sum, the question before us presents an issue of state law, there is no clear and controlling Vermont precedent on the question, and the answer to the question will determine whether the Centrellas are entitled to prejudgment interest in this case. We therefore respectfully invite the Vermont Supreme Court to answer the following question of Vermont law:

> Whether a court may grant prejudgment interest to private litigants
> who are awarded compensatory damages in an amount to which the

18

parties have stipulated under the Vermont Consumer Protection Act, Vt. Stat. Ann., tit. 9, § 2461(b)?

The Vermont Supreme Court may reformulate the question or expand it to address other pertinent issues of state law. Vt. R. App. P. 14(b). This panel will retain jurisdiction over the appeal after the Vermont Supreme Court has accepted or declined certification. 2d Cir. L.R. 27.2.

It is hereby ORDERED that the Clerk of this Court transmit to the Vermont Supreme Court a Certificate, as set forth below, together with a complete set of the briefs, appendices, and record filed by the parties in this Court.

## CERTIFICATE

The foregoing is hereby certified to the Vermont Supreme Court pursuant to Second Circuit Local Rule 27.2 and Vermont Rule of Appellate Procedure 14, as ordered by the United States Court of Appeals for the Second Circuit.